UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF INDIANA
                            SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:11-CR-86 JD |
| | ) |
| OMAR LEWIS | ) |

## ORDER

Defendant Omar Lewis is charged by indictment with four felony counts related to his alleged trafficking in controlled substances and with being a felon in possession of a firearm. [DE 1]. On March 19, 2012, Lewis appeared before Magistrate Judge Nuechterlein for a change of plea hearing. There, he entered a plea of guilty to count one of the indictment, charging him with knowingly and intentionally distributing a mixture or substance containing cocaine base in violation of 18 U.S.C. § 841(a)(1). Judge Nuechterlein issued his report and recommendation the same day recommending that this court accept Lewis's plea. [DE 49]. Although he did not object to the report and recommendation within the fourteen days allotted by statute, *see* 18 U.S.C. § 636(b)(1), on June 19, 2012, Lewis filed a motion to withdraw his plea of guilty. [DE 65]. The catalyst for his change of heart was a revised draft presentence report, issued by probation on June 6, 2012, which indicated for the first time that Lewis's criminal history renders him a career offender for sentencing guidelines purposes. That came as surprise to the defendant, and he feels it is not what he bargained for. [DE 65]. On June 21, 2012, the government responded, correctly pointing out that the plea colloquy before Judge Nuechterlein specifically informed the defendant that he may receive a sentence more severe that his lawyer predicted, and that he could be sentenced outside the anticipated guidelines range. [DE 69]. Nevertheless, Lewis once again attacked the intelligence of his plea in his reply. [DE 76]. The motion is ripe for a ruling, and the court disposes of it as follows.

The dispositive fact here is one to which neither party has devoted much attention: the district court has not accepted Lewis's plea. Rule 11 of the Federal Rules of Criminal Procedure governs plea proceedings, and pursuant to Rule 11(d)(1), "[a] defendant may withdraw a plea of guilty or nolo contendere before the court accepts the plea, for any reason or no reason[.]" Magistrate Judge Nuechterlein explicitly informed the parties at the outset of the change of plea hearing that if he was satisfied with the plea colloquy he would "recommend to [this court] that he accept[] the plea[.]" [DE 17 at 4]. At the close of the hearing, he told the defendant "I am going to recommend to Judge DeGuilio that he accept the plea that you have just given here today[.]" [DE 17 at 17]. And in his written report and recommendation, Judge Nuechterlein concluded by recommending that the undersigned accept the plea. [DE 49 at 2]. A recommendation is not an acceptance, either express or implied. And, until acceptance by the district court does occur, Rule 11(d)(1) controls. *See United States v. Jones*, 381 F.3d 615, 618 (7th Cir. 2004) ("If the district court had not yet accepted Jones's guilty plea, he could have freely withdrawn his plea without explanation.") (citing *United States v. Shaker*, 279 F.3d 494, 497 (7th Cir. 2002)); *see also United States v. Scott*, No. 3:11-CR-104, DE 52 (N.D. Ind. May 3, 2012).

The court is sympathetic to the arguments raised by the government, and if this issue did boil down to whether Lewis's plea was offered knowingly and voluntarily, the government would likely prevail. But, given the procedural posture of the case, Lewis does not need a reason to withdraw his plea. His motion [DE 65] is hereby **GRANTED**. The court will contact counsel to set a trial date within the new speedy trial clock.

SO ORDERED.

ENTERED:   July 10, 2012

　　　　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　　United States District Court