UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No. 3:11-CR-86 JD |
| ) | 3:16-CV-436 |
| OMAR LEWIS   ) | |

**OPINION AND ORDER**

Defendant Omar Lewis pled guilty to one count of possessing with the intent to distribute crack cocaine. In his plea agreement, he entered a binding agreement to a term of 151 months of imprisonment, and he agreed to waive his right to appeal or contest his conviction. In return, the government agreed to dismiss the remaining counts of the indictment, which included additional counts for distributing or possessing with the intent to distribute cocaine and crack cocaine, and for possessing a firearm as a felon. Mr. Lewis' two previous felony convictions for resisting law enforcement in a vehicle constituted crimes of violence under the "residual clause" of the Sentencing Guidelines, so Mr. Lewis qualified as a career offender, making his guideline range 151 to 188 months of imprisonment. At sentencing, the Court accepted the binding plea agreement and imposed the agreed-upon sentence of 151 months of imprisonment. The Court entered judgment on June 30, 2013, and Mr. Lewis did not appeal.

Three years later, in June 2016, Mr. Lewis moved to vacate his conviction and sentence under 28 U.S.C. § 2255. Mr. Lewis first seeks relief under the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act is void for vagueness. Though Mr. Lewis was not convicted under the Armed Career Criminal Act, he argues that *Johnson* applies equally to the Sentencing Guidelines, and that his two convictions for resisting arrest no longer constitute "crimes of violence," meaning his guideline range should not have been calculated under the career offender

guideline. However, the Supreme Court squarely rejected that argument in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that the Sentencing Guidelines are not subject to attack under the vagueness doctrine. Therefore, even though the Sentencing Guidelines and the Armed Career Criminal Act share a similar "residual clause," *Johnson* has no effect on the Sentencing Guidelines. Mr. Lewis' convictions for resisting arrest in a vehicle were thus properly counted as crimes of violence under the Guidelines at the time of sentencing, and Mr. Lewis was properly sentenced under the career offender guideline. Accordingly, Mr. Lewis is not entitled to relief under *Johnson*.[1] And though the Guidelines have since been amended such that resisting arrest in a vehicle would no longer constitute a crime of violence, that amendment was not made retroactive, so it does not benefit Mr. Lewis.

Second, Mr. Lewis argues that his attorney rendered ineffective assistance in connection with the negotiation of the plea agreement, specifically relative to the waiver of the right to appeal or contest his conviction. Mr. Lewis primarily argues that his attorney failed to advise him that the Supreme Court could reverse its own precedent, and that as a result, he agreed to waive his right to appeal or contest his sentence because his challenge to his career-offender status was foreclosed by then-existing Supreme Court law. Mr. Lewis first raises this argument as a means of escaping the waiver so as to allow him to raise his *Johnson* claim, but as just discussed, that claim fails on its merits, so this argument is not relevant in that respect.

Mr. Lewis also asserts this ineffective-assistance argument as a freestanding claim, and he asks that his conviction be vacated for that reason. Thus construed, however, this claim is

---

[1] This claim fails for other reasons as well, including that Mr. Lewis waived his right to contest his conviction or sentence, and that his agreement to a binding term of imprisonment bars him from challenging the length of the sentence. *United States v. Gibson*, 490 F.3d 604, 607 (7th Cir. 2007). The Court need not further discuss those issues, however, as this claim plainly fails even on its merits.

2

untimely by about two years, and the government asks in its supplemental filing[2] that the Court dismiss this claim on that basis. Section 2255 contains a one-year statute of limitations that runs from any of several different dates. 28 U.S.C. § 2255(f). The first of those is "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). Judgment was entered on Mr. Lewis' conviction on June 30, 2013, and his conviction became final fourteen days later when the deadline to appeal passed without action. Thus, Mr. Lewis had until July 14, 2014 to file his motion under this deadline, but he did not do so until June 2016, making his motion almost two years late as to this claim.

Another date that can trigger a new one-year limitations period under § 2255 is the date the Supreme Court initially recognizes a new right that is retroactive to cases on collateral review. § 2255(f)(3). Mr. Lewis argues that he filed his motion within one year of the Supreme Court's holding in *Johnson*. However, the timeliness of each claim in a motion under § 2255 is evaluated separately, and Mr. Lewis' ineffective-assistance claim does not arise under *Johnson*, so he cannot invoke that deadline as to this claim. *Davis v. United States*, 817 F.3d 319, 327 (7th Cir. 2016) (holding that "[t]o the extent [the defendant] is complaining of . . . his attorney's ineffectiveness with respect to the plea agreement, those claims were known to [him] at the time his conviction became final," so he had one year from that date to file that claim).

Finally, Mr. Lewis argues that the Supreme Court's holding in *Johnson* is "newly discovered evidence" that alerted him that his attorney never advised him that the Supreme Court could overturn its own holdings. Thus, he argues that his motion was filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered

---

[2] The government initially failed to serve this filing on Mr. Lewis, but it has since corrected that error and Mr. Lewis has responded to this filing.

through the exercise of due diligence." § 2255(f)(4). However, Mr. Lewis had all of the facts that he needed to support this claim at the time of his sentencing: he knew that he waived his right to appeal, and he knew what advice his attorney gave him or failed to give him. Accordingly, Mr. Lewis' ineffective-assistance claim is not timely under that deadline either, so the Court dismisses this claim as untimely.

In addition, Mr. Lewis' ineffective-assistance claim would fail even on its merits. Mr. Lewis does not claim that his attorney gave him any incorrect advice, and he concedes that his attorney correctly advised him that he qualified as a career offender given directly applicable Supreme Court precedent then in effect. He complains only that his attorney did not additionally volunteer that the Supreme Court can overturn its previous decisions.[3] However, an attorney who accurately advises his client as to the effect of recent, binding precedent has competently represented his client, and Mr. Lewis has offered no authority suggesting that the Constitution requires attorneys to further note that the Supreme Court can—but rarely does—reverse itself. *See Fuller v. United States*, 398 F.3d 644, 650 n.4 (7th Cir. 2005) (holding that an attorney is not ineffective for "failing to anticipate" future Supreme Court holdings); *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law."). Thus, Mr. Lewis has failed to show that his attorney was constitutionally ineffective.

---

[3] Mr. Lewis also suggests that the binding effect of the plea agreement was unclear, but the magistrate judge correctly advised Mr. Lewis at the change of plea hearing relative to the binding term of imprisonment. Mr. Lewis was also well aware of that provision and its effect, as he even pointed that provision out to the magistrate judge during the hearing. Moreover, the Court did not accept either the plea of guilty or the plea agreement until the time of sentencing, by which time the binding nature of the 151-month term had been thoroughly discussed. Mr. Lewis could have withdrawn his plea for any reason or no reason up to that point, Fed. R. Crim. P. 11(d)(1), but he did not do so, which further demonstrates that he understood exactly what he had agreed to.

Mr. Lewis has also failed to show prejudice. He does not dispute his guilt or suggest that he would have proceeded to trial had his attorney given him the advice at issue. Instead, he claims that he would have pled guilty without waiving his right to appeal or contest his conviction, which he believes would allow him to now benefit from the Supreme Court's holding in *Johnson*.[4] As discussed above, however, *Johnson* is of no help to Mr. Lewis, since as the Supreme Court held in *Beckles*, *Johnson* has no effect on the Sentencing Guidelines. Thus, even if Mr. Lewis could appeal his sentence today, he would still lose under binding Supreme Court precedent, as he was correctly sentenced as a career offender.

For those reasons, the Court finds that Mr. Lewis is not entitled to relief on his claims, so it DENIES his motion under § 2255. [DE 143]. The Court also GRANTS the government's motion to dismiss the ineffective-assistance claim as untimely [DE 162] and DENIES Mr. Lewis' motion for judgment on the pleadings as to timeliness [DE 163], as Mr. Lewis has since received and responded to the government's filing. [DE 164, 165, 166].

The Court also DENIES the issuance of a certificate of appealability, as Mr. Lewis's claims are not sufficient to deserve encouragement to proceed further, and their resolution is not debatable. The Court advises Mr. Lewis that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Lewis that if he wishes to appeal, he must file a notice of appeal within 60 days after the judgment or order

---

[4] Even if Mr. Lewis had entered a blind plea without agreeing to a binding term of 151 months of imprisonment, the Court would have imposed that same term. That term represented the low end of the advisory guideline range, and Mr. Lewis' excessive criminal history, including his 21 criminal history points, would have justified that same sentence. [DE 151 p. 16 ("In short, you are a career offender in both the technical [sense] and the descriptive sense and that is a seriously aggravating factor.").

appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

SO ORDERED.

ENTERED: July 31, 2017

                                        /s/ JON E. DEGUILIO  
                                        Judge  
                                        United States District Court